IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHERYL WILKENS, IRMA ROCHA, PEGGY POPE and YOKO TOKUSHIMA, | § § § § § | |
| *Plaintiffs*, | | |
| v. | § § § § § § § § § | Civil Action No. SA-09-CV-515-XR |
| TOYOTETSU AMERICA INC., TOYOTETSU MID AMERICA, INC., TOYOTETSU TEXAS, INC., TOYODA IRON WORKS CO. LTD., and TOYOTA MOTOR CORPORATION, | | |
| *Defendants*. | | |

## ORDER

On this date, the Court considered Defendant Toyota Motor Corporation's Motion to Dismiss for Insufficient Process (Docket Entry No. 4), Defendants Toyotetsu America, Inc., Toyotetsu Mid America, Inc., and Toyoda Iron Works Co., Ltd.,'s Motion to Quash Plaintiffs' Attempted Service (Docket Entry No. 5), and Plaintiffs' responses. After evaluating the motions and responses, Defendants' motions are DENIED as moot.

**Statement of Case**

Plaintiffs Cheryl Wilkens, Irma Rocha, Peggy Pope, and Yoko Tokushima filed a lawsuit on behalf of themselves and similarly-situated employees against Defendants Toyotetsu America, Inc., Toyotetsu Mid America, Inc., Toyotetsu Texas, Inc., Toyoda Iron Works Co. Ltd., and Toyota Motor Corporation alleging gender discrimination in violation of 42 U.S.C. §§ 2000e *et seq*. (*See* Compl. (June 24, 2009) [Docket Entry No. 1]; Am. Compl. (June 26, 2009) [Docket Entry No. 2].)

**Toyota Motor Corporation's Motion to Dismiss for Insufficient Process**

On August 31, 2009, Defendant Toyota Motor Corporation (TMC) filed a motion to dismiss

for insufficient process. (Def.'s Mot. to Dismiss for Insufficient Process (Aug. 31, 2009) [Docket Entry No. 4].) Toyota Motor Corporation argued that Plaintiffs did not present a summons with their complaint and that Plaintiffs did not serve the company, which has no Texas office or registered agent in the United States, in accordance with the Federal Rules of Civil Procedure and international agreement. *See* Fed. R. Civ. P. 4(h); Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Feb. 10, 1969, 20 U.S.T. 361; T.I.A.S. No. 6338.

On September 10, 2009, the Plaintiffs and Toyota Motor Corporation filed a document with the Court that stipulated that TMC had not been properly served. (Joint Stipulation Regarding Service Upon Toyota Motor Corporation (Sept. 10, 2009) [Docket Entry No. 9].) In the stipulation, the parties notified the Court of their agreement that Plaintiffs would serve TMC "as required by the Federal Rules of Civil Procedure, the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, and case law from courts within the Fifth Circuit within 120 days of September 10, 2009." (*Id.* at 1–2.) There being no dispute between the parties on this particular issue, the Court denies Toyota Motor Corporation's motion to dismiss as moot.

**Toyotetsu America Inc., Toyotetsu Mid America, Inc., and Toyoda Iron Works Co., Ltd.'s Motion to Quash**

On September 1, 2009, Toyotetsu America Inc. (TAI), Toyotetsu Mid America, Inc. (TMAI), and Toyoda Iron Works, Co. Ltd. (TIW) moved the Court to quash Plaintiffs' attempted service. (Def.s' Mot. to Quash Pl.s' Attempted Service (Sept. 1, 2009) [Docket Entry No. 5].) According to Defendants, the Plaintiffs attempted service on TAI and TMAI by sending an envelope via registered mail to their registered agent that contained a copy of the amended complaint but did not include a summons. (*Id.* at 1–2.) Defendants state that Plaintiffs served TIW by sending only a copy of the

amended complaint without a summons and without complying with the requirements of the Federal Rules of Civil Procedure and the Hague Convention. (*Id.* at 2–3.)

Plaintiffs responded that Defendants' counsel has agreed to accept service on behalf of TAI and TMAI.[1] (Pl.s' Resp. to Mot. to Quash ¶ 4 & ex. A (September 10, 2009) [Docket Entry No. 11].) Pursuant to the agreement, Defendants will have 45 days from the date of receipt to file an answer. (*Id.*) Plaintiffs also agreed to serve TIW in accordance with the Hague Convention. (*Id.*). There being no dispute between the parties on this particular issue, the Court denies TAI, TMAI, and TIW's motion to quash as moot.

## Conclusion

Given the joint stipulation filed by Plaintiffs and Toyota Motor Corporation, Toyota Motor Corporations Motion to Dismiss is DENIED as moot. Likewise, given the parties' agreements regarding service, Toyotetsu America Inc., Toyotetsu Mid America, Inc., and Toyoda Iron Works, Co. Ltd.'s Motion to Quash Plaintiffs' Attempted Service is DENIED as moot.

It is so ORDERED.

SIGNED this 23rd day of September, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1]Counsel also agreed to accept service on behalf of Toyotetsu Texas, Inc.