# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| CHERYL WILKENS, ET AL. | § | |
| | § | |
| v. | § | SA-09-CV-515-XR |
| | § | |
| TOYOTETSU AMERICA, INC., ET AL. | § | |

## ORDER

On this day came on to be considered Defendants Toyotetsu America, Inc. (TTAI) and Toyotetsu Mid-America, Inc.'s (TTMA) motion to dismiss Plaintiffs' claims for lack of subject matter jurisdiction (docket no. 22) and Defendant Toyotetsu Texas, Inc.'s (TTTX) motion to dismiss Plaintiff Peggy Pope's claims as barred by limitations (docket no. 23).

## Background

Plaintiffs Cheryl Wilkens, Irma Rocha, Peggy Pope and Yoko Tokushima have filed this Title VII sex discrimination lawsuit on behalf of themselves and similarly situated employees, former employees, and future employees of TTAI, TTMA, TTTX, Toyoda Iron Works Co. Ltd. and Toyota Motor Corporation.

Plaintiffs are all employees or former employees of TTTX.

Plaintiffs alleges that the Defendants have engaged in systematic discrimination against female employees on the basis of hiring, compensation, promotion, mentoring, training, resource allocation, retention and other terms

and conditions of employment in violation of 42 U.S.C. §§ 2000e et seq. In addition, Plaintiffs allege that the Defendants have "regularly discriminated against female employees by maintaining a hostile work environment, [and] an environment that has permitted and condoned numerous acts of sexual harassment." Plaintiffs further allege that the "hostile work environment has significantly and adversely impacted the job success, career and income of Plaintiffs and other similarly situated female employees (the "Class"). Plaintiffs and Class members have been, and continue to be subjected to a glass ceiling ... in that Class members are routinely assigned to the lowest-paying positions and given little or no opportunity to advance to higher ranking positions." Plaintiffs allege that the "glass ceiling is the direct product of a management structure and system ... designed and instituted by Toyota and often referred to as the 'Toyota Way.'" Plaintiffs also allege that Defendants "have systematically retaliated against Plaintiffs for complaining about Defendants' discriminatory and unfair treatment of Plaintiffs."

## TTMA and TTAI's motion to dismiss

TTMA and TTAI seek dismissal of Plaintiffs' claims, arguing that they were not Plaintiffs' employer, and accordingly, no Title VII jurisdiction exists. Alternatively, they argue that Plaintiffs never filed any charge of discrimination[1] against them and accordingly did not exhaust their administrative remedies.

Plaintiffs respond that although TTMA, TTAI and TTTX may operate

---

[1] The only charges of discrimination provided to the Court indicate that all four individual plaintiffs filed a charge of discrimination only against Toyotetsu Texas.

under different corporate names, they comprise a single entity or single employer for Title VII purposes. They allege that the various companies are wholly-owned by Defendants Toyota Motor Corporation and Toyoda Iron Works Co., Ltd. Plaintiffs allege that TTAI, TTMA and TTTX draw their management and supervisory employees from the same source and that the companies share a common set of employment practices.

## Analysis

In *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983), the Fifth Circuit adopted a "single employer" test to determine when two or more private entities should be aggregated for the purposes of determining whether they constitute an employer under Title VII. The four-part *Trevino* test involves consideration of (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *Id*. at 404. The second factor of this inquiry is deemed the most important. *Id*.

Defendants have filed their motion not as a motion for summary judgment, but rather, as a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(1) and (6).

A Rule 12(b)(1) motion should be granted only "if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009).

The court reviews a Rule 12(b)(6) motion to dismiss "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007). "Factual

3

allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Recently, the Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The motion to dismiss is denied. Plaintiffs allege a plausible set of facts that establish subject-matter jurisdiction. Further, the amended complaint contains sufficient factual matter, accepted as true, to state a claim that is plausible on its face.

As to Defendants' alternative argument that no EEOC charge was filed against TTMA or TTAI, Defendants correctly restate the general law that a plaintiff must file a charge of discrimination against her employer with the EEOC prior to filing her federal lawsuit. *See, e.g., Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996). But the Fifth Circuit has also stated "a party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and the party named in the charge or it has unfairly prevented the filing of an EEOC charge." *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988). In this case Plaintiffs are alleging that TTMA

4

and TTAI should be considered along with TTTX as their employer under the "single employer" theory.

This ruling, of course, is no determination that the "single employer" theory is or is not applicable to the facts of this case. Should Defendants seek to reurge their argument, the Court suggests that this should be done by way of a motion for summary judgment with competent summary judgment evidence to support any such argument.

## TTTX's motion to dismiss Pope's claims

TTTX seeks dismissal of Pope's claims, alleging that Pope filed her first charge of discrimination with the EEOC on August 29, 2008. On September 11, 2008, the EEOC issued a Dismissal and Notice of Rights letter. Pope did not file any Title VII lawsuit thereafter within the required 90 days.[2]

Rather than filing a lawsuit, Pope returned to the EEOC and filed a second charge of discrimination on December 9, 2008, which raised the same allegations as her first charge.

## Analysis

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. Fed. R. Civ. P. 12(b)(6). Courts may look only to the pleadings in determining whether a

---

[2] Under 42 U.S.C. § 2000e-5(f), a suit must be filed within ninety days of receipt of a right-to-sue letter. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 380 (5th Cir. 2002). A person who fails to file a complaint within the ninety-day period forfeits the right to pursue the claim. *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985). The ninety-day filing period acts as a statute of limitations, unless a plaintiff failed to receive the letter through no fault of his own or if he presents some other reason for equitable tolling. *Id.*

party has adequately stated a claim; consideration of information outside the pleadings converts the motion to one for summary judgment. Fed. R. Civ. P. 12(d). Both sides here refer the Court to information outside the pleadings. Accordingly, the Court treats Defendant's motion as a motion for summary judgment.

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the moving party meets its initial burden, the nonmoving party "must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

In *Soso Liang Lo v. Pan American World Airways, Inc.*, 787 F.2d 827 (2d Cir. 1986), the plaintiff filed a charge of racial discrimination with the EEOC

6

against Pan American in 1978. She received her Notice of Right to Sue on February 9, 1979. However, she failed to bring an action within the next 90 days. She then secured a second Notice of Right to Sue on November 30, 1979, and filed a Title VII claim in February 1980. The second Notice was based upon a charge involving exactly the same facts as the first Notice. The Second Circuit held "that whether the present action is time barred must be determined with reference to only the first Notice of Right to Sue. Otherwise, the time limitations of 42 U.S.C. § 2000e-5(f)(1) would be meaningless, because potential Title VII plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased." *Id.* at 828.

Accordingly, this Court turns to an analysis of the two charges to determine whether they involve the same facts or whether different allegations were raised.

The language in the two charges of discrimination are different. In the first charge Pope alleged that she was discriminated against based on her sex. She alleged that from May 2007 through June 2008, she and other female employees complained about a male assistant manager sending inappropriate emails and pornography to employees. Finally, she complains that she was discharged on February 21, 2008.

In her second charge of discrimination Pope alleged that she was discriminated against based on her sex. She alleged that on February 13, 2008, she was subjected to demeaning sexist comments by a male assistant manager. She alleges that she previously complained in June 2007 about these comments.

7

She alleges that prior to February 13, 2008, she and other female employees were subjected to differing terms and conditions of employment as compared to male employees with regard to the above issues and others including promotion, equal pay, work assignments, and training.

Both charges raise allegations that Plaintiff was subjected to sexual harassing acts prior to her discharge on February 21, 2008. Accordingly, Plaintiff cannot avoid limitations by raising her sexual harassment claims in a second charge of discrimination.

In addition, in Plaintiff's first charge of discrimination she alleges that she was wrongfully discharged because of her sex. Plaintiff's sex discrimination claim based on her discharge is barred by limitations.

In her second charge (which apparently was timely filed with the EEOC), Plaintiff raised new claims (denials of promotion, equal pay, discriminatory work assignments, and disparate training) all allegedly based on sex discrimination. These are new claims not previously raised in the first charge, and accordingly, Plaintiff may proceed with these new claims. *See e.g., Goodluck v. Kelly Tractor Co.*, 733 F. Supp. 1479, 1481 (S.D. Fla. 1990) (charge one was based on retaliation, charge two was based on race discrimination). The Court concedes that both charges in Pope's claim alleged sex discrimination, however, the Court is persuaded that the nuances between a claim of sexual harassment and a claim of sex discrimination warrant the conclusion that the two charges assert different allegations.

## Conclusion

Defendants Toyotetsu America, Inc. (TTAI) and Toyotetsu Mid-America, Inc.'s (TTMA) motion to dismiss Plaintiffs' claims for lack of subject matter jurisdiction (docket no. 22) is DENIED.

Defendant Toyotetsu Texas, Inc.'s (TTTX) motion to dismiss Plaintiff Peggy Pope's claims as barred by limitations (docket no. 23) is GRANTED IN PART AND DENIED IN PART. Pope's sexual harassment claims are dismissed. Pope's sex discrimination claim based on her discharge is dismissed. Pope's sex discrimination claims alleging denials of promotion, equal pay, discriminatory work assignments, and disparate training survive.

The Court, *sua sponte*, raises the issue of the status of this case. On November 30, 2009, this Court granted the parties' joint motion to abate Local Rule CV-23 of the Local Rules of the Western District of Texas. (Docket Entry No. 21). Plaintiffs are ORDERED to advise the Court of the status of service of process on the remaining parties in this suit no later than February 19, 2010.

It is so ORDERED.

SIGNED this 5th day of February, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE