# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHERYL WILKENS, IRMA ROCHA, PEGGY POPE, and YOKO TOKUSHIMA, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. SA-09-CV-515-XR |
| TOYOTETSU AMERICA INC., TOYOTETSU MID AMERICA, INC., TOYOTETSU TEXAS, INC., TOYODA IRON WORKS CO. LTD., and TOYOTA MOTOR CORPORATION, | § § § § § | |
| *Defendants*. | | |

## ORDER ON MOTION FOR RECONSIDERATION

On this day, the Court considered Defendant Toyotetsu Texas, Inc.'s Motion for Reconsideration (Docket Entry No. 36). Having considered the motion and Plaintiff's response, the Court GRANTS the motion for reconsideration. Plaintiff's motion to dismiss Peggy Pope as a party is GRANTED.

## Background

Plaintiffs Cheryl Wilkens, Irma Rocha, Peggy Pope and Yoko Tokushima filed this Title VII sex discrimination lawsuit on behalf of themselves and similarly situated employees, former employees, and future employees of Toyotetsu America Inc. (TTAI),Toyotetsu Mid America Inc. (TTMA), Toyotetsu Texas Inc. (TTTX), Toyoda Iron Works Co. Ltd., and Toyota Motor Corporation. Plaintiffs are former employees of TTTX and allege that the Defendants have engaged in systematic discrimination against female employees on the basis of hiring, compensation, promotion, mentoring, training, resource allocation, retention and other terms and conditions of employment in violation of 42 U.S.C. §§ 2000e et seq.

Peggy Pope filed her second charge of discrimination against TTTX on December 9, 2008. The charge is listed as a continuing action and the dates of discrimination are listed as taking place on February 13, 2008. In that charge she declares:

> On February 13, 2008 I was subjected to demeaning and obscene sexist comments . . . . In or around June 2007 I had complained to Chad Davis, Assistant General Manager, about these types of comments by male employees, and told him they needed to stop. The comments did not stop and I, as well as other females, continued to be subjected to such comments. As of February 13, 2008 Chad Davis failed to act, either positively or negatively, on the request I had submitted to attend a management course. On February 13, 2008 I was subjected to intimidation by Chad Davis and Joe Munoz, Human Resources Manager, when I was called into a meeting and told, "The situation is getting worse, this is not a question and answer meeting, to get my personal belongings, and leave the premises," or words to that effect. Prior to February 13, 2008, men and/or other female employees were subjected to different terms and conditions of employment as compared to male employees with regard to the above issues and others including promotion; equal pay; distribution and display of pornographic and other offensive images of women; consistent and regular use of obscene language; consistent and regular inappropriate sexually explicit comments toward/about female employees; work assignments; insufficient information/training to perform assigned duties; failure to include females in workplace meetings; harassment; and constructive discharge. I believe that I (and other female employees) have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

**Procedural History**

Defendants TTAI and TTMA moved to dismiss Plaintiffs' claims pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] TTTX moved to dismiss Plaintiff Peggy Pope

---

[1] Def.s Toyotetsu America, Inc.'s & Toyotetsu Mid-America, Inc's 12(b)(1) & 12(b)(6) Mot. to Dismiss, Dec. 4, 2009 (Docket Entry No. 22).

from the case.[2] On February 5, 2010, the Court denied TTAI and TTMA's motion, and TTTX's motion was granted in part and denied in part.[3] Regarding Peggy Pope, the Court ruled that her claims based on sexually harassing acts prior to her discharge on February 21, 2008, were time-barred. Denials of promotion, equal pay, discriminatory work assignments, and disparate training were deemed new claims not previously raised in the first charge, and accordingly, Pope could proceed with those claims. Toyotetsu filed a motion for reconsideration, requesting that the Court reconsider the portion of its Order of February 5, 2010, that denied its motion to dismiss Peggy Pope as a party.[4] Plaintiff Peggy Pope has responded to the motion.[5]

**Legal Standard**

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" by that name. A court reconsiders an interlocutory order pursuant to Rule 54(b). *See* FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). "[W]hen a district court rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Saqui v. Pride*

---

[2] Def. Toyotetsu Texas, Inc.'s 12(b)(1) & 12(b)(6) Mot. to Dismiss, Dec. 4, 2009 (Docket Entry No. 23).

[3] Order, Feb. 5, 2010 (Docket Entry No. 35).

[4] Def. Toyotetsu Texas, Inc's Mot. for Reconsideration, Feb. 10, 2010 (Docket Entry No. 36).

[5] Pl. Peggy Pope's Opposition to Toyotetsu Texas, Inc.'s Mot. for Reconsideration, Feb. 16, 2010 (Docket Entry No. 37).

*Cent. Am., LLC*, -- F.3d ---, 2010 WL 184252 (5th Cir. Jan. 21, 2010) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.1990)). This Court utilizes the standards of Federal Rule of Civil Procedure 59 to inform its analysis. *Vladmir Ltd. v. Pac. Parts Supply Co.*, No. SA-08-CV-819-XR, 2009 WL 4110288, at *2 (W.D. Tex. Nov. 20, 2009); *see also Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, No. 4:06-CV-292-Y, 2009 WL 2474771, at *3 (N.D. Tex. Aug. 13, 2009) (looking to Rule 59 as a guide to reconsider an interlocutory order); *T-M Vacuum Prods., Inc. v. TAISC, Inc.*, No. C-08-309, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008) (same); *Sky Techs. LLC v. SAP AG*, No. 2:06-CV-440 (DF), 2008 WL 2775487 (E.D. Tex. July 15, 2008) (same).

To prevail on a Rule 59 motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *See* FED. R. CIV. P. 59; *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

**Analysis**

In its motion for reconsideration, TTTX argues that Peggy Pope's second charge of discrimination (regarding denials of promotion, unequal pay, discriminatory work assignments, and disparate training, all because of sex discrimination) was filed at least 301 days after the conditions of which she complained, one day beyond the deadline. Specifically, TTTX argues that the allegations arising from this portion of Pope's charge of discrimination are time barred:

> Prior to February 13, 2008, men and/or other female employees were subjected to different terms and conditions of employment as compared to male employees with regard to the above issues and others including promotion; equal pay; distribution and display of pornographic and other offensive images of women; consistent and

4

> regular use of obscene language; consistent and regular inappropriate sexually explicit comments toward/about female employees; work assignments; insufficient information/training to perform assigned duties; failure to include females in workplace meetings; harassment; and constructive discharge.

Given that there is no intervening change in controlling law and no new evidence available, the Court reviews Defendant's motion based on the need to correct a clear or manifest error of law or fact.[6] The Court notes that it did not address this issue raised in Defendant's motion to dismiss Peggy Pope as a party. The Court therefore reconsiders its order and evaluates Defendant's arguments.

Section 2000e-5(e)(1) requires that a Title VII plaintiff file a charge with the EEOC either 180 or 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C.2000e-5(e)(1); *Frank v. Xerox, Inc.*, 347 F.3d 130, 136 (5th Cir. 2003). In this case, the date for determining timeliness is 300 days prior to the filing of the charge. *Frank*, 347 F.3d at 136 (citing *Celestine v. Petroleos de Venezuella, S.A.*, 266 F.3d 343, 351 (5th Cir.2001)). Any claim based on bad conduct that occurred prior to that date would be time-barred. *Id.; Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

Peggy Pope filed her second charge of discrimination with the EEOC on December 9, 2008. Pope's second complaint identifies her complaint as a "continuing violation" and states that the "start date" and "end date" for her complaint is February 13, 2008. Pope responds that her claims for hostile work environment sex discrimination based upon denials of promotion, denials of equal pay,

---

[6] Pope argues that the motion should be denied on its face for failure to comply with Rule 59(e). The Court is within its discretion to reconsider its decision even in the absence of new evidence or an intervening change in or clarification of the substantive law. *Saqui*, 2010 WL 184252.

discriminatory work assignments and disparate training are inherently continuing claims.[7]

The plaintiffs' complaint states that "Defendants have discriminated against Plaintiffs on the basis of their gender by denying Plaintiffs equal treatment in promotions, wages, job assignments and job training and by subjecting Plaintiff's [sic] to a hostile work environment." (Compl. ¶ 191.) The complaint asserts claims for sex discrimination and hostile work environment based on the alleged sexist and demeaning comments and sexual remarks in the workplace. As the Court previously stated, Pope could not avoid limitations by raising her sexual harassment claims and claim for wrongful discharge in the second charge of discrimination. The only remaining claims were the discrete acts, none of which Pope alleges occurred on February 13, 2008. Pope clearly states that they occurred "[p]rior to February 13, 2008." None of the acts upon which she can base her claim are alleged to have occurred on or after February 13, 2008.[8]

## Conclusion

Defendant Toyotetsu Texas Inc.'s motion for reconsideration is GRANTED. Having reconsidered its order on Defendant's motion, Defendant's motion to dismiss Peggy Pope as a party is GRANTED.

---

[7]Plaintiff makes the conclusory declaration that these events are "inherently continuing violations." The Supreme Court and the Fifth Circuit, however, have identified some of these events as discrete acts. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify."); *Newton v. Securitas Sec. Servs., USA, Inc.*, 250 Fed. App'x 18, 21 (5th Cir. 2007) (per curiam) (identifying failure to promote, denial of transfer, or refusal to hire as discrete acts).

[8]The sexually harassing remarks, intimidation, and discharge based on sex are alleged to have occurred on February 13, 2008. The Court, however, has already determined that these acts were barred by limitations because Pope asserted them in an earlier EEOC charge.

It is so ORDERED.

SIGNED this 15th day of March, 2010.

                                          XAVIER RODRIGUEZ
                                        UNITED STATES DISTRICT JUDGE